UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD L. PARKER                                    CIVIL ACTION NO. 12-cv-2683

VERSUS                                              JUDGE WALTER

ROBERT H. SHEMWELL, ET AL                           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Donald Parker ("Plaintiff") was a plaintiff in two federal lawsuits filed in connection with wrongs allegedly committed against him and his wife in connection with a real estate transaction. After those actions were dismissed, Plaintiff and his wife filed a third suit against Clerk of Court Robert Shemwell and Deputy Clerk Kathy Keifer. The court dismissed that action in 2009. Plaintiff commenced this suit in 2012 and once again named Shemwell and Keifer as defendants. For the reasons that follow, it is recommended the complaint be dismissed for failure to state a claim on which relief may be granted.

**Procedural History**

Plaintiff and his wife filed suit in the Eastern District of Louisiana in 2007 against a Natchitoches realty company, a mortgage company, and other defendants based on alleged wrongdoing in connection with the purchase of a home in Natchitoches. Plaintiff and his wife alleged that the transaction caused them a loss because it should have included the release of a second mortgage, but the release did not happen. The Eastern District Court

dismissed the suit for lack of subject-matter jurisdiction because there were no federal claims presented and the parties were not of diverse citizenship.

Plaintiff and his wife then filed a new suit in this court that was assigned to the Alexandria Division. Their alleged facts were essentially the same, but they added new defendants and several alleged federal claims. <u>Lakeisha and Donald Parker v. Marvin Blake, Jr., et al</u>, 08-cv-184 (W. D. La.). One of the six named defendants appeared and filed a motion to dismiss. Judge Trimble granted the motion and dismissed the complaint for failure to state a claim on which relief may be granted. The many claims included securities fraud, the Eighth Amendment, mortgage fraud, money laundering, and others, all of which were found to lack merit. There was no appeal.

Plaintiff and his wife next filed <u>Lakeisha and Donald Parker v. Robert H. Shemwell, et al</u>, 08-cv-1622 (W. D. La.), which was assigned to Judge Stagg in the Shreveport Division. The complaint alleged that the Parkers in 08-cv-184 mailed to the Clerk of Court proof of service in the form of five certified mail return receipts that should have been scanned into the record of the case but were not. The Parkers named as defendants Clerk of Court Robert Shemwell and Deputy Clerk Kathy Keifer and alleged that they did not properly scan the documents, to the prejudice of the Parkers' case. The complaint relied upon purported causes of action stemming from criminal statutes, and Judge Stagg dismissed it for failure to state a claim on which relief may be granted. The Fifth Circuit dismissed the Parkers' appeal because it was not timely filed.

Plaintiff, without his wife, filed this civil action more than three years later and attempted to renew his claims against Shemwell and Keifer. He alleges that the two defendants violated his right to procedural due process by failing to file requested information in 08-cv-184. Plaintiff again invokes federal criminal statutes. He prays for declaratory relief and an award of $93,000,000 from each defendant.

Plaintiff appears to suggest in his lawsuits against the clerk defendants that the court dismissed 08-cv-184 for a failure of evidence of service that is attributable to the clerk. But the record in 08-cv-184 shows that the clerk of court did scan and file certified mail return receipts submitted by the Parkers. Docs. 24 and 44. And it was not for lack of service that their case was dismissed; it was for lack of merit. Furthermore, mere delivery of summons by certified mail to Louisiana residents was not valid service on them. It can be valid long-arm service on an out-of-state defendant. The one out-of-state defendant was the one that appeared and filed the motion to dismiss that ended the case.

**Analysis**

Plaintiff is plainly trying to relitigate the claim on which he was unsuccessful in 08-cv-184. His attempt is barred by the doctrine of claim preclusion, or *res judicata*, which bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. Test Masters Educational Services, Inc. v. Singh, 428 F.3rd 559, 571 (5th Cir. 2005). The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the

prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Id.

To determine whether both suits involve the same cause of action, the Fifth Circuit uses the transactional test: a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. Id. The critical issue is whether the two actions are based on the "same nucleus of operative facts." New York Life Insur. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir. 2000).

Plaintiff, Shemwell, and Keifer were all parties in the prior case; the judgment was rendered by a court of competent jurisdiction; the prior case was concluded by a final judgment on the merits; and both suits are based on the same claim. Plaintiff attempts to base this complaint on precisely the same facts that he presented in the prior complaint, so it is undeniable that the two actions are based on the same nucleus of operative facts. This complaint is, therefore, barred by the doctrine of claim preclusion.[1]

---

[1] The two defendants would also likely have immunity from Plaintiff's complaint. Court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. They have qualified immunity for routine duties not explicitly commanded by a court decree or by a judge's instructions. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). Plaintiff's complaint would also face a timeliness issue. His complaint filed in 2012 complains about actions taken in a case that was dismissed in 2008. The statute of limitations for a Bivens action against a federal actor in Louisiana is one year from the time the aggrieved party has knowledge of the violation. Valdez v. U.S. Marshal Service, 2014 WL 4103204, *2 (W.D. La. 2014). Plaintiff has known about his claims for several years.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2015.



Mark L. Hornsby
U.S. Magistrate Judge